IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAYMUNDO HUERTA**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:07-CV-2174-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Raymundo Huerta's Petition for Writ of Habeas Corpus, filed December 28, 2007. The case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on May 15, 2009. Petitioner filed objections to the Report on June 23, 2009.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner Raymundo Huerta ("Petitioner") was convicted of murder in state court and sentenced to ninety-nine years in prison. His conviction was affirmed. Following conviction, Petitioner sought habeas relief from the state by filing an article 11.07 application. Although the state habeas court recommended that habeas relief be granted, the Texas Court of Criminal Appeals ultimately denied habeas relief. Petitioner now seeks habeas relief in federal court and asserts two grounds of ineffective assistance of counsel: (1) failure to object to inadmissible hearsay; and (2) failure to conduct an adequate factual investigation and present expert testimony concerning eyewitness identification. Magistrate Judge Ramirez found that the decision of the Texas Court of Criminal Appeals denying habeas relief was

not unreasonable in light of applicable federal law and the evidentiary record in this case; she recommends that Petitioner's request for habeas relief be denied.

Petitioner makes several objections to the magistrate judge's factual and legal determinations. In considering these objections, the court is mindful of the applicable standard and controlling law. Petitioner's habeas petition was filed after April 24, 1996, meaning that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies in this case. Under AEDPA, "a federal court may not grant a state prisoner's habeas application unless the relevant state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418 (2009) (quoting 28 U.S.C. § 2254(d)(1)); *see Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). Here, the relevant state court decision is the Texas Court of Criminal Appeals decision denying state habeas relief. *See Knowles*, 129 S. Ct. at 1419. Accordingly, the court's focus on each of Petitioner's objections centers on the issue of whether the state court's decision to deny habeas relief was contrary to, or an unreasonable application of, federal law.

Petitioner first objects to the factual findings of the magistrate judge, contending that the magistrate judge was incorrect to say that the trial strategy of Petitioner's attorney was valid, notwithstanding that counsel did not consult with an eyewitness testimony expert. The court is unpersuaded by this argument because it is incorrect; the magistrate judge made no mention of Petitioner's attorney having a "valid" trial strategy, but rather articulated that Petitioner had not shown prejudice with regard to his attorney's trial strategy, which is the relevant standard. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008) ("As for prejudice, the petition must show 'not merely that the errors . . . created a

possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'") (citation omitted). Applying this standard, the magistrate judge determined that Petitioner had not shown that his entire trial was infected with error of constitutional dimensions merely because an eyewitness testimony expert was not consulted. Petitioner's objection is overruled.

Similarly, Petitioner objects to the magistrate judge's finding that Petitioner's attorney employed a "valid strategy" when he did not object to all hearsay at trial. Again, the court disagrees because the magistrate judge applied the applicable standard and reached the same result: prejudice had not been shown. The record indicates that Petitioner's attorney made many hearsay objections at trial, some of which were sustained and some of which were overruled. Essentially, Petitioner objects to his attorney's failure to request a single running objection to "hearsay" at trial. Testimony from counsel established that his attorney weighed this possibility and elected to object individually to certain hearsay statements rather than have a running objection as a matter of trial strategy. In light of the great deference courts afford attorneys in their trial strategy, the court cannot say that such action created an error resulting in prejudice against Petitioner. *See Knowles*, 129 S. Ct. at 1420 ("'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'") (citation omitted). Petitioner's objection is overruled.

Petitioner objects to the magistrate judge's findings that a court may take judicial notice of the cost of an eyewitness testimony expert because no evidence of such costs was submitted to the court. The court finds this argument unpersuasive because, even without a bill of costs or an exhibit listing the rates charged by eyewitness testimony experts, a court can reasonably infer that such

**Memorandum Opinion and Order – Page 3**

expert witnesses do, in fact, come at a price. Expense of such a witness was undoubtedly a consideration by Petitioner and Petitioner's attorney during the trial phase, a consideration that played at least a minimal role in the ultimate decision not to employ such a witness.[1] Petitioner's objection is overruled.

Petitioner further argues that the magistrate judge was wrong to say that prejudice had not been shown because an eyewitness testimony expert and proper hearsay objections would have, with reasonable probability, changed the outcome at trial. The court is again unpersuaded because such argument is speculative. The record reflects that some "good" hearsay came in along with the "bad" hearsay, and the jury heard testimony supporting both sides at trial. The jury necessarily weighed the credibility of conflicting witness testimony in rendering the guilty verdict. The court cannot assume that the addition of an expert witness would have altered the jury's determination, especially in light of the testimony provided by Petitioner's counsel detailing the negative impact an expert witness's testimony had on a jury in his past experience. The court accordingly overrules Petitioner's objections to the magistrate judge's factual findings, and determines that the record is replete with enough evidence to support the factual findings of both the magistrate judge and the Texas Court of Criminal Appeals. There was no unreasonable application of federal law.

With respect to the legal conclusions of the magistrate judge, Petitioner raises several more objections. First, Petitioner objects to the magistrate judge citing a case that applies a pre-AEDPA standard concerning review of counsel's trial strategy. Relief may be granted concerning counsel's trial strategy only if the relevant state court decision unreasonably applied the more general standard

---

[1] The court notes that the record is silent as to the importance that cost played in declining to retain an expert witness. The court therefore makes no finding whether cost was the ultimate deciding factor in not retaining an expert, or whether the consideration of cost had a negligible impact on counsel's decision. Cost is just one example of the many factors that an attorney weighs when crafting an effective trial strategy.

**Memorandum Opinion and Order – Page 4**

for ineffective assistance of counsel claims established by the *Strickland* decision. *Knowles*, 129 S. Ct. at 1419 (discussing the standard of review for ineffective assistance of counsel claims). As noted above, the relevant state court decision in this case is from the Texas Court of Criminal Appeals which, applying *Strickland*, determined that Petitioner's counsel was competent and did not provide ineffective assistance. This finding was supported with multiple references to the record and counsel's testimony. The court, after conducting its own review, determines that the Texas Court of Criminal Appeals did not unreasonably apply federal law (specifically, the *Strickland* standard) in its analysis. The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether the determination was unreasonable—a substantially higher threshold. *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009) (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). The magistrate judge properly addressed this question in her Report, and the court agrees with her determination that the Texas Court of Criminal Appeals's application of federal law was not unreasonable. Petitioner's objection is therefore overruled.

Petitioner next objects to the magistrate judge's finding that prejudice had not been shown and contends that her *de novo* review of prejudice was improper. Petitioner essentially argues that because the lower state habeas court found prejudice, and because the Texas Court of Criminal Appeals did not address the prejudice prong in its analysis, the state courts made a finding of prejudice that the federal court is not free to review. Even assuming for the sake of argument that the Texas Court of Criminal Appeals found prejudice, the length of its opinion explained why counsel's performance was not deficient.[2] Under *Strickland*, a petitioner must demonstrate *both* that

---

[2]The court finds it an untenable position that the Texas Court of Criminal Appeals made an implicit finding of prejudice when it explained intently why counsel's services were not deficient.

**Memorandum Opinion and Order – Page 5**

counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687; *Smith*, 515 F.3d at 403. Even if the magistrate judge's *de novo* analysis of prejudice were improper, her review of the Texas Court of Criminal Appeals decision established that its application of federal law was not unreasonable. Petitioner therefore, at a minimum, has failed to satisfy the first *Strickland* prong. "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Richards*, 566 F.3d at 561-62 (citing *Knowles*, 129 S. Ct. at 1420). Petitioner's objections are accordingly overruled.

Petitioner next objects to the magistrate judge's statement that the factual findings of an appellate court related to counsel's trial strategy cannot be disturbed in the absence of "clear and convincing evidence." To grant relief "[u]nder § 2254(d)(2), a federal habeas court must find the state court conclusion an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Richards*, 566 F.3d at 562 (citing *Rice v. Collins*, 546 U.S. 333, 338 (2006)). As discussed previously, the magistrate judge determined that the Texas Court of Criminal Appeals did not draw an unreasonable conclusion from the facts in light of the evidence before it; the Texas Court of Criminal Appeals opinion made numerous references to the evidence in the record and supported each of its determinations with evidentiary support. The court similarly cannot say that these determinations were unreasonable, even if the court would have reached a different result from that evidence. State court factual findings are presumed correct; the petitioner has the burden of rebutting that presumption by "clear and convincing evidence" pursuant to 28 U.S.C. § 2254(e)(1). *Richards*, 566 F.3d at 562 (citing *Rice*, 546 U.S. at 338-39). The Texas Court of Criminal Appeals did not misstate the factual findings of the state habeas court but rather drew a

different conclusion from the same evidence.[3] This conclusion, though different, was not unreasonable. *See Richards*, 566 F.3d at 561 (noting that the question under AEDPA is not whether the federal court believes a state court's determination was incorrect, but whether the determination was unreasonable). Petitioner has not provided clear and convincing evidence challenging the factual findings considered by the state habeas court and the Texas Court of Criminal Appeals in reaching their conclusions. Petitioner's objection is therefore overruled.

Petitioner next objects to the magistrate judge's reliance on *Sumner v. Mata*, 449 U.S. 539, 547 (1981), for the proposition that appellate courts are free to make their own factual determinations on habeas review. Petitioner argues that *Sumner* applies only to situations where the habeas court was unable to consider an issue that was raised for the first time on direct appeal. In light of the court's determination regarding the factual analysis of the Texas Court of Criminal Appeals, the court cannot agree that *Sumner* is inapposite to this case. Reviewing the decision of the Texas Criminal Court of Appeals makes clear to the court that the factual findings of the state habeas court were reviewed in the light most favorable to the trial judge's findings. *See Ex parte Huerta*, No. WR-65324-01, 2007 WL 4139233, at *1 (Tex. Crim. App. 2007) ("But even granting great deference to the trial court's findings, we cannot agree that applicant has proven his right to relief.") (citation omitted). This is a situation where the state habeas court's factual findings survived appeal, but the ultimate legal conclusion reached was contrary to the trial court's. The

---

[3]Petitioner argues that the Texas Court of Criminal Appeals made up its own "facts" and inserted them to bend to its analysis. This is incorrect. Petitioner has not told the court what these alleged fabricated facts are, and it is not incumbent upon the court to pore tirelessly through the record in search of factual discrepancies between the state habeas court and the Texas Court of Criminal Appeals absent any guidance from counsel. Petitioner's argument is essentially concerned with the Texas Court of Criminal Appeals's application of *Strickland* giving weight to certain factors, such as the anticipated cost of an expert and the past trial experiences of Petitioner's attorney. These are not "new facts," as Petitioner contends they are, but rather are different legal conclusions drawn from the same factual evidence.

**Memorandum Opinion and Order – Page 7**

factual findings were not rejected; the Texas Criminal Court of Appeals simply held that relief was not available under those facts. *See Cracker v. Procunier*, 756 F.2d 1212, 1213-14 (5th Cir. 1985) (applying *Sumner* to a Texas Court of Criminal Appeals decision that did not reject the factual findings of the state habeas court but did reach a contrary legal conclusion). Petitioner's objection is overruled.

Petitioner objects once again to the "new factual findings" allegedly introduced by the Texas Court of Criminal Appeals in its analysis that were absent from the state habeas court's consideration. To this end, Petitioner argues that the magistrate judge did not properly apply United States Supreme Court precedent standing for the proposition that appellate courts should give deference to the factual findings of the trial court. *See Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985). The court is again unpersuaded because there is a stark contrast, as discussed above, between introducing new factual findings and reaching a contrary legal conclusion. Here, the appellate court did not introduce anything that was not already part of the record. Although the Texas Court of Criminal Appeals did consider the *absence* of some evidence—such as the absence of evidence establishing Petitioner's willingness to pay for an expert—this can hardly be considered an introduction of "new factual findings." Petitioner's objection is overruled.

Petitioner next objects to the magistrate judge's finding that courts may take judicial notice of matters of common knowledge. Specifically, Petitioner takes issue with the Texas Court of Criminal Appeals allegedly finding that retaining an expert witness has "exorbitant cost." He contends that such a finding was not admitted during the state habeas proceeding and that it is not the proper subject of judicial notice under the Federal and Texas Rules of Evidence. The court finds this contention misguided. The Texas Court of Criminal Appeals made no such finding of

"exorbitant cost" but rather spoke hypothetically.  The relevant portion of the Texas Court of Criminal Appeals opinion reads, "[t]he value of [the] consulting expert might well have been minimal, but the cost exorbitant."  *Ex parte Huerta*, 2007 WL 4139233, at *3.  This is not a factual finding and does not invoke the findings admitted during the state habeas proceeding or the Rules of Evidence.  The point that the appellate court intended to make by this statement was that it is difficult to say whether retaining an eyewitness testimony expert would have added significant value to Petitioner's trial defense, or whether Petitioner could have even afforded such an expert; the record simply does not say.  Without clear and convincing evidence to the contrary, this is something impossible to judge, and because of that Petitioner has fallen short of his burden to establish ineffective assistance of counsel.  Petitioner's objection is accordingly overruled.

Finally, Petitioner objects to the magistrate judge's recommendation that habeas relief be denied.  He contends that the record establishes his right to federal habeas relief under AEDPA and that the authority relied upon by the magistrate judge in her Report is misplaced.  To this end, Petitioner argues that the Texas Court of Criminal Appeals unreasonably applied federal law when it denied state habeas relief.  The court does not agree.  Incorporating the court's prior analysis here, the court cannot say that the decision of the Texas Court of Criminal Appeals was an unreasonable application of federal law.  The federal habeas statute permits a federal habeas court to assess only the state court's decision, not the propriety of its analysis and reasoning.  *Coleman v. Quarterman*, 456 F.3d 537, 541 (5th Cir. 2006) (citing *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003)).  The court determines that the factual findings of the state court, presumed correct under AEDPA, were sufficient to support the legal conclusion drawn by the Texas Court of Criminal Appeals, particularly in light of the strong deference courts give to counsel's performance.  *See Strickland*,

466 U.S. at 689 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

Having reviewed the petition, file, record, objections, and Report in this case, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court accordingly **denies with prejudice** Petitioner's request for habeas corpus relief.

**It is so ordered** this 11th day of March, 2010.

                                                              Sam A. Lindsay
                                                              United States District Judge