IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAYMUNDO HUERTA, a.k.a. Eleazar Arellano Rubio, ID#1162020**, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:07-CV-2174-L** |
| | § | |
| **RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONAL DIVISION**, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59 of the Federal Rules of Civil Procedure, filed April 8, 2010. After careful consideration of the motion, the court's Memorandum Opinion and Order filed March 11, 2010, and the applicable law, the court **denies** Petitioner's Motion to Alter or Amend the Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.

## I.    Background

Petitioner was convicted of murder in state court and sentenced to ninety-nine years in prison. His conviction was affirmed. Following conviction, Petitioner sought habeas relief from the state by filing an article 11.07 application. Although the state habeas court recommended that habeas relief be granted, the Texas Court of Criminal Appeals ultimately denied habeas relief. On December 28, 2007, Huerta filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner sought habeas relief on two grounds of ineffective assistance of counsel: (1) failure to

object to inadmissible hearsay; and (2) failure to conduct an adequate factual investigation and present expert testimony concerning eyewitness identification. The case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions, and Recommendations ("Report"), concluding that the court should deny with prejudice the request for habeas corpus relief. Petitioner filed various objections to the Report. On March 11, 2010, this court accepted the findings of the Magistrate Judge and denied Petitioner's request with prejudice.

## II.     Legal Standard

Federal Rule of Civil Procedure 59(e) provides that a party may move to amend or alter a judgment within twenty-eight days after entry of the judgment. A motion to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). These motions may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally,* 11 C. WRIGHT, A. MILLER & M. KANE § 28 10.1 at 127-28 (2d ed. 1995); *see also Simon,* 891 F.2d at 1159 ("These motions cannot be used to raise new arguments which could, and should, have been made before the judgment issued.").

"A district court has considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley,* 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).

## III.    Analysis

Petitioner makes several arguments as bases for the court to reconsider.  In considering these arguments, the court is mindful of the applicable standard and controlling law.  First, Huerta argues that the court conflated the standard of review found in 28 U.S.C. § 2254(d)(2) and (e)(1) and imposed a heightened burden of proof.  Specifically, Huerta argues that the court should have analyzed the propriety of the state court findings under section (d)(2)'s "unreasonable determination" standard, without coupling the requirement that such determination be overcome by clear and convincing evidence.  The court is unpersuaded by this argument because it is incorrect; sections (d)(2) and (e)(1) were properly applied in the March 11, 2010 Memorandum Opinion and Order. It is clearly established that to grant relief under section 2254(d)(2), "a federal habeas court must find the state-court conclusion 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Richards v. Quarterman,* 566 F.3d 533, 562 (5th Cir. 2009) (citing *Rice v. Collins,* 546 U.S. 333, 338 (2006)).  Furthermore, "state-court factual findings, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Richards,* 566 F.3d at 562 (citing *Rice* 546 U.S. at 338-339). Petitioner is simply attempting to relitigate matters previously decided by this court.  Here, the court previously held that the state-court conclusion was not unreasonable in light of the evidence shown in the record.  Petitioner has failed to present any convincing argument that the court erred.  Huerta's contentions, therefore, appear to demonstrate his dissatisfaction with the court's ruling, and do not establish a manifest error of law or fact.  Consequently, the court declines to alter its judgment on this basis.

Second, Petitioner contends that the court's determination that the failure to consult with an expert witness and the failure to investigate eyewitness testimony was unreasonable within the meaning of 28 U.S.C. § 2254(D)(2). Specifically, Petitioner argues that the court unjustifiably concluded outside of the record, that "cost alone justified the failure to employ a[n] expert." Pet'r's Mot. at 6. The argument is without merit. The court determined that the record was silent as to the importance that cost played in declining to retain an expert witness. Mem. Op. and Order at 4. Contrary to Petitioner's argument, the court did not determine that cost alone justified the failure to employ an expert. The court "ma[de] no finding whether cost was the ultimate deciding factor in retaining an expert, or whether the consideration of cost had a negligible impact on counsel's decision." *Id.* Petitioner has failed to present any new evidence or case law to support an assertion of a manifest error of law or fact. Accordingly, the court determines that this argument is without merit and is not a basis to alter or amend the judgment.

Third, Petitioner contends that the court vaguely determined whether trial counsel was ineffective. Petitioner contends that the court contradicted itself throughout the opinion as to whether counsel was ineffective. The court determined that "a petitioner must demonstrate *both* that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. Mem. Op. and Order at 5-6 (citing *Strickland v. Washington,* 466 U.S. 668, 687; *Smith,* 515 F.3d at 403). The court specifically noted that Petitioner failed to satisfy the first *Strickland* prong and, as a result, refused to examine the second prong. *Id.* It is apparent to the court that Petitioner is attempting to relitigate matters already decided by the court. Petitioner has failed to present any new evidence or establish a manifest error in law or fact. Consequently, the court determines that this argument is not a basis to alter or amend its judgment.

Last, Petitioner argues that the district court's finding of prejudice constitutes an unreasonable determination of the facts which is based on inadmissible hearsay. Specifically, Petitioner contends that the court incorrectly concluded that the hearsay testimony was inconsequential and that the remaining evidence was so strong that expert witness testimony would not have availed Huerta. Huerta argues that the hearsay testimony was the linchpin of his conviction. Huerta contends that without the hearsay testimony, the only evidence of guilt is predicated on his flight from prosecution and his initial refusal to admit that he was present at the scene, which are insufficient bases to substantiate a conviction. A motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure cannot be used to repeat old arguments previously considered and rejected. *Simon,* 891 F.2d at 1159. Huerta previously argued that hearsay was improperly admitted at trial, and the court previously rejected that argument. Huerta has not presented any new evidence or established a manifest error in law or fact. Accordingly, the court determines that this argument is without merit and is not a basis to alter or amend the judgment.

## III. Conclusion

For the reasons stated herein, Huerta has failed to show that the court should amend or alter its judgment. Accordingly, the court **denies** Petitioner's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**It is so ordered** this 29th day of October, 2010.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge